UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FERNANDO GARCIA,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF UNION and THE NEW JERSEY CIVIL SERVICE COMMISSION,**<br><br>Defendants. | Civil No. 11-2498 (WJM)<br><br><br>ORDER |

**THIS MATTER** comes before the Court on Defendant County of Union's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), and on Defendant New Jersey Civil Service Commission's ("NJCSC") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6). Plaintiff has failed to respond to either motion.

Under Federal Rule of Civil Procedure 4(c)(2), "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Here, Plaintiff lists himself as the server in his proof of service. (*See* Docket Entry No. 1.) As such, service of process was insufficient, and the Complaint must be dismissed under Rule 12(b)(5). Additionally, as to NJCSC, the Complaint must also be dismissed for lack of subject matter jurisdiction under Rule 12(b)(5), as the Eleventh Amendment makes non-consenting states immune from federal court actions brought by individual parties. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (holding that

generally, "nonconsenting States may not be sued by private individuals in federal court"). Finally, the Complaint must be dismissed under Rule 12(b)(6) for failure to state a claim. Plaintiff has not made any factual allegations supporting his claim under 42 U.S.C. § 1983, as required under Federal Rule of Civil Procedure 8(a)(2). *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (a complaint must provide "fair notice of what the . . . claim is and the grounds upon which it rests"). Here, the entirety of his Complaint is simply one sentence stating that he "was laid off from his permanent civil service title of Children's Supervisor without proper due process." (Compl., Docket Entry No. 1.) Since Plaintiff includes no allegations of a lack of due process, and since he has in fact already availed himself of the due process provided by the applicable appellate mechanisms, he has failed to state a Section 1983 claim. For these reasons; and for good cause appearing;

**IT IS** on this 27th day of June 2011, hereby,

**ORDERED** that Defendants' motions to dismiss are **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's Complaint is dismissed with prejudice.

       s/ William J. Martini
       **WILLIAM J. MARTINI, U.S.D.J.**